IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEDANTE CARR, | |
| Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:13-CV-02864-WSD-GGB |
| BANK OF AMERICA, | |
| Defendant. | Removed from the Superior Court of Cobb County, Georgia |
| | Case No. 1316098-33 |

## NON-FINAL REPORT AND RECOMMENDATION

This civil action has been removed to this Court from the Superior Court of Cobb County, Georgia. Plaintiff LeDante Carr is challenging Defendant Bank of America's efforts to foreclose on his home. Carr's complaint raises claims under the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), and state law. Bank of America has moved to dismiss Carr's complaint under Fed.R.Civ.P. 12(b)(6). (Doc. 3). Carr has not filed a response to the motion.

After review, I conclude that Carr's complaint fails to state a claim for relief. I **RECOMMEND** that the motion to dismiss (Doc. 3) be **GRANTED** with respect to Carr's FDCPA and state-law claims, and that all of those claims be **DISMISSED WITH PREJUDICE**. However, it is possible that a more carefully-crafted complaint

could state a claim for relief under RESPA.  In light of Carr's pro se status, I will give him 14 days to file an amended complaint with respect to his RESPA claim.

Also pending before the Court is Bank of America's motion to stay proceedings pending a final ruling on the motion to dismiss (Doc. 4).  That motion is **GRANTED**. Should the District Court deny the motion to dismiss, in whole or in part, the parties shall have 30 days to comply with all of the obligations imposed by the Federal Rules of Civil Procedure and this Court's local rules.

## I.     Removal of this action was proper.

In his complaint, Carr argues that any removal of his case from state to federal court would be inappropriate.  (Doc. 1, Exh. A, Complaint at 2, 4-5).  Therefore, before turning to the merits of the motion to dismiss, I will examine whether this case was properly removed.  The removal statute, 28 U.S.C. § 1441, permits a defendant to remove any action that could originally have been filed in federal court.[1]  This means that a case may be removed if it is based upon a federal question, or if the requirements of diversity jurisdiction are satisfied.  See 28 U.S.C. §§ 1331, 1332(a).  The party seeking removal bears the burden of demonstrating that federal jurisdiction exists. Friedman v. New York Life Ins. Co., 410 F.3d 1350, 1353 (11th Cir. 2005).

---

[1]Contrary to Carr's arguments, (see Doc. 1-1, Exh. A, Complaint at 2), a defendant does not have to obtain a plaintiff's consent to removal, see 28 U.S.C. § 1441.

2

Here, Bank of America has met its burden of showing that removal is appropriate. Carr's complaint alleges that Bank of America failed to verify a debt in accordance with FDCPA and that Bank of America did not adequately respond to a Qualified Written Request ("QWR") submitted under RESPA.  (See Doc. 1-1, Exh. A, Complaint at 5-7).  Because both the FDCPA and RESPA are federal statutes, this Court has federal question jurisdiction under 28 U.S.C. § 1331.

Carr argues that removal was improper under the Eleventh Circuit's decision in Madzimoyo v. The Bank of New York Mellon Trust Co., N.A., 440 F.App'x 728 (11th Cir. 2011).  In that case, the plaintiff, Madzimoyo, filed an emergency petition seeking to halt foreclosure proceedings against his home.  Id. at 729.  He attached correspondence to his petition showing that he had requested certain information about his loan under the FDCPA and Regulation Z, the body of regulations that enforces the federal Truth-in-Lending Act ("TILA").  Id.  The Bank of New York Mellon removed the case to federal court, arguing that Madzimoyo's references to the FDCPA and Regulation Z showed that he was raising a federal question.  Id.

The district court concluded that removal was proper, but the Eleventh Circuit reversed, holding that the case should have been remanded to state court.  Id. at 729-31.  Although Madzimoyo had made passing references to federal law, the Eleventh Circuit concluded that he was not truly seeking to raise a federal claim.  Id.  at 731.  Instead,

AO 72A
(Rev.8/82)

Madzimoyo had attached the correspondence concerning the FDCPA and Regulation Z merely to show that he had been diligent in requesting his loan information and was therefore entitled to relief under state law.  Id.  Since Madzimoyo was not asserting a federal claim, and since none of his state-law claims relied upon the interpretation of federal law, the Eleventh Circuit concluded that the district court could not exercise federal question jurisdiction.  Id.

Madzimoyo is distinguishable from this case.  Carr's complaint expressly asserts that Bank of America violated both the FDCPA and RESPA.  (See Doc. 1-1, Complaint at 5-7).  Unlike Madzimoyo, who merely submitted some exhibits that mentioned federal law, Carr is directly raising federal causes of action.  Thus, federal question jurisdiction is present here.

Moreover, even if Carr's complaint did not raise any federal claims, this Court still could exercise diversity jurisdiction.  The diversity statute provides that a district court may hear any case where the parties are citizens of different states and where the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Here, Carr is a citizen of Georgia and Bank of America has its principal place of business in North Carolina. (See Doc. 1, Exh. A, Complaint at 2; see also Doc. 1, Notice of Removal ¶¶ 11-12). The amount in controversy requirement is satisfied because Carr is seeking rescission of a loan that is currently worth over $75,000.  (See Doc. 1, Exh. C, Loan Payment

History) (listing a current loan balance of $343,000).  Because this Court has both federal question and diversity jurisdiction, removal of this case was proper.  Having established the Court's jurisdiction, I will now turn to Bank of America's motion to dismiss.

## II.    Standard for motions to dismiss.

A complaint must be dismissed under Fed.R.Civ.P. 12(b)(6) if it fails to state a claim upon which relief may be granted.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  The complaint need not contain "detailed factual allegations," but must "give the defendant fair notice of what the .  . claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555, 127 S.Ct. at 1964 (internal quotation marks omitted).  Something  "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required.  Id. at 555, 127 S.Ct. at 1964-65.  Because Carr is proceeding without counsel, the allegations in his complaint are to be liberally construed.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

## III.   Discussion

As noted above, Carr's complaint challenges Bank of America's efforts to foreclose on his home.  (See generally Doc. 1, Exh. A, Complaint).  The complaint is not divided into specific causes of action.  Instead, Carr sets forth of a long series of enumerated "Facts," which consist primarily of legal contentions.

Carr begins by asserting that Bank of America failed to verify the debt under the FDCPA and failed to respond to a QWR under RESPA.  (Id., Complaint at 5-7 and Exhs. 1, 2).  The complaint then includes a lengthy discussion of the nature of money and mortgages.  To the extent that his arguments can be discerned, Carr appears to be alleging that there was no valid mortgage because the originating bank lent him credit rather than money.  (See id. at 11-33 and Memoranda in Support 1 and 2).  He also suggests that his promissory note was essentially a form of currency and that his mortgage loan was paid in full as soon as he gave the signed promissory note to the lender.  (See id.).

Carr's complaint appears to raise other state-law claims as well.  Among other things, Carr suggests that the assignment of the note or the security deed to Bank of America was fraudulent because the original lender, Countrywide Bank, was no longer in business on the date of the assignment.  (Id. at 11-12).  He also insists that Bank of America must produce the original mortgage note.  (See id. at 24).  Finally, Carr

6

suggests that his promissory note was fraudulently converted into a mortgage-backed security without his consent.  (Id. at 27-28).  Carr is seeking rescission of the loan and $74,950 in damages.  (Id. at 34).  I will first address Carr's two federal claims, and will then consider whether the complaint states a viable claim under Georgia law.

### A.      Carr has not stated a claim under the FDCPA or RESPA.

Carr asserts that Bank of America violated the FDCPA by failing to respond to a request for verification.  (See Doc. 1, Exh. A, Complaint at 5-7 and Exh. 2).  To hold Bank of America liable under the FDCPA, Carr must first establish that the bank is a debt collector.  The statutory definition of a debt collector does not include "any person collecting or attempting to collect any debt owed or due . . . another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person."  15 U.S.C. § 1692a(6)(F).  The definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned." Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985).

Here, Carr has not alleged that the mortgage loan was in default when it was acquired by Bank of America.  Therefore, he has not shown that Bank of America meets the FDCPA's definition of a debt collector.  See 15 U.S.C. § 1692a(6)(F); Perry, 756 F.2d at 1208.  Accordingly, Carr has failed to state a claim for relief under the FDCPA.

Carr also has not stated a claim for relief under RESPA.  That statute requires a loan servicer to respond to a borrower's qualified written request ("QWR") for information about a mortgage loan within a fixed period of time.  12 U.S.C. § 2605(e)(1)(A), (e)(2).  To state a valid claim under § 2605(e), a plaintiff must allege that: (1) the defendant is a loan servicer; (2) the plaintiff sent a valid QWR; (3) the defendant failed to adequately respond within the statutory time period; and (4) the plaintiff is entitled to damages.  Jones v. Vericrest Fin., Inc., No. 1:11-cv-2330-TWT-CCH, 2011 WL 7025915, at *15 (N.D. Ga. Dec. 7, 2011).

An allegation of damages "is a necessary element of any claim under § 2605." Frazile v. EMC Mortg. Corp., 382 F.App'x 833, 836 (11th Cir. 2010).  The plaintiff may seek either actual damages or statutory damages.  12 U.S.C. § 2605(f).  To show that he suffered actual damages, the plaintiff must "establish a causal link between the [defendant's] violation and [his] injuries."  McLean v. GMAC Mortg. Corp., 398 F.App'x 467, 471 (11th Cir. 2010).  If the plaintiff seeks an award of statutory damages, he must demonstrate that the defendant has engaged in a "pattern or practice of noncompliance" with § 2605.  12 U.S.C. § 2605(f)(1).

Here, Carr asserts that he sent a QWR to Bank of America on June 30, 2013, and that Bank of America failed to respond.  (See Doc. 1, Exh. A, Complaint at 5-7).  He has attached the QWR as an exhibit to his complaint.  (See id., Exh. 1).  Carr has not

alleged, however, that he suffered any actual damages as a result of Bank of America's failure to respond. (<u>See</u> Doc. 1, Exh. A at 5-7). Carr also has not alleged that Bank of America has engaged in a pattern or practice of failing to respond to QWRs that would entitle him to an award of statutory damages. (<u>See id.</u>). Because Carr has not alleged a necessary element of his RESPA claim, he has failed to state a viable claim for relief under that statute.

      **B.**      **Carr has not stated a claim for relief under state law.**

The primary argument that Carr makes in his complaint is that Countrywide Bank, the purported loan originator, never actually lent him any money. His theory, as explained in his complaint and supporting memoranda, is that a mortgage note is essentially a form of money. (<u>See</u> Doc. 1, Exh. A, Complaint at 11-33 and Memoranda in Support 1 and 2). Carr believes that he paid for his home simply by giving the promissory note to the bank. As a result, he maintains that he owes Bank of America nothing, and that the bank has no legal right to foreclose on his home.

These arguments have no legal merit. A promissory note is merely a promise to pay, not an actual payment. By signing the promissory note, Carr did not convey any money to Countrywide. Instead, he promised to make periodic payments to the bank in the future in exchange for a loan that allowed him to finance the purchase of his

AO 72A
(Rev.8/82)

home.   Carr's implausible contentions about the nature of promissory notes and mortgages fail to state a claim to relief.

Carr also objects to the assignment of the mortgage note or security deed[2] to Bank of America.   (See Doc. 1, Exh. A, Complaint at 11-12).   He maintains that this case involves a "sham assignment" because the assignor, Countrywide Bank, "was not a viable entity on the date of the assignment."   (See id.).   As a general matter, however, "strangers to [an] assignment contract . . . have no standing to challenge its validity." See Breus v. McGriff, 202 Ga.App. 216, 216, 413 S.E.2d 538, 539 (1991).   Because Carr has no standing to challenge the assignment of the mortgage note or security deed, his claim for a fraudulent or sham assignment must be dismissed.

Carr also appears to argue that Bank of America was obligated to produce the original mortgage note before attempting to foreclose on his home.   (See Doc. 1, Exh. A, Complaint at 24) (stating that Bank of America must produce "the original contract with the 'wet ink' signatures of both parties.").   However, under Georgia law, a lender is not required to produce an original loan document before initiating foreclosure proceedings.   See, e.g., Sellers v. Bank of America, Nat'l Ass'n, No. 1:11-CV-3955-RWS, 2012 WL 1853005 at *7 (N.D. Ga. May 21, 2012) ("Georgia law does not

---

[2]Carr does not specify in his complaint which document was the subject of the fraudulent assignment.   (See Doc. 1, Exh. A, Complaint at 11-12).

require a lender to produce the original loan document even when the lender is taking affirmative action such as commencing a foreclosure proceeding."); <u>Watkins v. Beneficial, HSBC Mortg.</u>, No. 1:10–CV–1999-TWT-RGV, 2010 WL 4318898, at *4 (N.D. Ga. Sept. 2, 2010) ("[N]othing in Georgia law requires a lender commencing foreclosure proceedings to produce the original note."). Thus, Carr's contention that Bank of America must produce the note fails to state a claim for relief.

Finally, Carr appears to object to the fact that his promissory note was converted into a mortgage-backed security. (<u>See</u> Doc. 1, Exh. A, Complaint at 27-28). However. the securitization of the loan had no impact on Carr's obligation to make payments due under the loan. Georgia law does not permit a borrower to press a claim for damages or to seek rescission of a loan based upon the fact that the mortgage note was securitized. <u>See, e.g.</u>, <u>Montoya v. Branch Banking & Trust Co.</u>, No. 1:11-CV-01869-RWS, 2012 WL 826993, at *6 (N.D. Ga. Mar. 9, 2012) ("[T]he Court is unaware of any legal authority—and Plaintiff points to none—that supports the proposition that the securitization of a debt relieves the debtor of her obligation to repay."). Carr has failed to state any valid claims for relief under state law.

## IV.    Conclusion

For the reasons stated above, I conclude that Carr's complaint fails to state a claim for relief. A final issue to consider is whether Carr's complaint should be

dismissed with prejudice or whether he should be granted leave to amend. The Eleventh Circuit has held that a district court ordinarily should give a pro se litigant at least one opportunity to amend before dismissing a complaint with prejudice. Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc) (overruling Bank with respect to counseled complaints, but not pro se complaints). However, a court need not grant leave to amend if the proposed amendment would be futile, or if the plaintiff has indicated that he does not wish to amend his complaint. Id. "Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant." Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007).

Here, it does not appear that Carr would be able to successfully amend his state-law claims because all of those claims are based upon legally meritless theories. Carr did have to make payments under the mortgage note. He cannot challenge the assignment of the note or security deed. Bank of America did not have to produce the original mortgage note before commencing foreclosure proceedings, and Carr is not entitled to any relief based upon the securitization of the note. Carr also would not be able to state a claim for relief under the FDCPA because Bank of America was not acting as a debt collector when it attempted to foreclose on his mortgage. Accordingly, I **RECOMMEND** that Bank of America's motion to dismiss (Doc. 3) be **GRANTED**

with respect to Carr's state-law and FDCPA claims, and that all of those claims be **DISMISSED WITH PREJUDICE**.

On the other hand, an amended complaint could possibly state a claim for relief under RESPA. In his present complaint, Carr has not set forth any factual allegations showing that he suffered actual damages or is entitled to statutory damages as a result of Bank of America's failure to respond to his QWR. He might, however, be able to include such allegations in an amended complaint. Accordingly, I will give Carr 14 days from the date of this report and recommendation to file an amended complaint with respect to his RESPA claim. If Carr fails to file an amended complaint, or if the amended complaint still fails to set forth plausible facts to support a claim for damages under RESPA, I will recommend that Carr's RESPA claim also be dismissed with prejudice.

Bank of America's Motion to Stay (Doc. 4) is **GRANTED**. Should the District Court deny the motion to dismiss, in whole or in part, the parties shall have 30 days to comply with all of the obligations imposed by the Federal Rules of Civil Procedure and this Court's local rules.

IT IS SO RECOMMENDED this 24th day of October, 2013.

_Gerrilyn G. Brill_
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)