IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEDANTE CARR, | |
|     Plaintiff, | CIVIL ACTION FILE |
| v. | NO. 1:13-CV-02864-WSD-GGB |
| BANK OF AMERICA, | |
|     Defendant. | Removed from the Superior Court of Cobb County, Georgia |
| | Case No. 1316098-33 |

## **FINAL REPORT AND RECOMMENDATION**

This is a wrongful foreclosure action that has been removed to this Court from the Superior Court of Cobb County, Georgia. Plaintiff LeDante Carr, who is proceeding without counsel, asserts that Defendant Bank of America violated the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), and state law by commencing foreclosure proceedings against his home. Bank of America has filed a motion to dismiss Carr's complaint (Doc. 3).

On October 24, 2013, I issued a Report and Recommendation concluding that Carr's complaint failed to state a claim upon which relief could be granted. (Doc. 5). Mindful of the Eleventh Circuit's admonition that a pro se complaint should not be

AO 72A
(Rev.8/82)

dismissed unless the plaintiff has been given at least one opportunity to amend,[1] I also considered whether Carr would be able to amend his complaint in a way that would state a viable claim against Bank of America. I concluded that any amendment would be futile with respect to Carr's FDCPA claim and his state-law claims, but I determined that a more carefully-pled complaint might possibly state a claim under RESPA. (Id. at 11-13). Accordingly, I stated that Carr would have 14 days from the date of my Report and Recommendation to file an amended complaint with respect to his RESPA claim. (Id. at 15-16). That time period has now passed, and Carr has not filed an amended complaint or requested an extension of time in which to do so. Therefore, I **RECOMMEND** that Defendants' motions to dismiss (Doc. 3) be **GRANTED** in its entirety and that Carr's complaint be **DISMISSED WITH PREJUDICE**.

IT IS SO RECOMMENDED this 26th day of November, 2013.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

---

[1] See Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991) ("Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541 (11th Cir. 2002) (en banc) (overruling Pitt as to counseled complaints only).

AO 72A
(Rev.8/82)