IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LEDANTE CARR,

                              Plaintiff,

         v.                                                    1:13-cv-2864-WSD

BANK OF AMERICA,

                              Defendant.

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Non-Final Report and Recommendation [5] ("Non-Final R&R") and Final Report and Recommendation [7] ("Final R&R"), which recommend granting Bank of America's ("Defendant" or "BoA") Motion to Dismiss [3], and dismissing Plaintiff Ledante Carr's ("Plaintiff" or "Carr") claims with prejudice.

## I.    BACKGROUND

On July 19, 2013, Plaintiff, proceeding *pro se*, filed his Complaint [1.1] in the Superior Court of Cobb County, Georgia.[1]  Plaintiff asserts claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and various state laws, based on perceived defects in the origination,

---

[1]  No. 1316098-33.

servicing and assignment of his mortgage and in the foreclosure proceedings initiated by BoA, the successor by merger to Plaintiff's original lender, Countrywide Bank.[2]

On August 28, 2013, Defendant removed the Cobb County Action to this Court based on federal question and diversity jurisdiction [1].

On September 4, 2013, Defendant filed its Motion to Dismiss [3].  Plaintiff did not respond to Defendant's Motion.

On October 24, 2013, Magistrate Judge Brill issued her Non-Final R&R, recommending that Plaintiff's state-law and FDCPA claims be dismissed with prejudice.  Noting that Plaintiff could possibly state a claim for relief under RESPA, Magistrate Judge Brill granted Plaintiff fourteen (14) days to amend his complaint to assert facts sufficient to support a RESPA claim.[3]

On November 26, 2013, Magistrate Judge Brill issued her Final R&R, recommending that Plaintiff's RESPA claim also be dismissed with prejudice

---

[2]  Plaintiff refers to Countrywide Bank as his original lender. (Compl. at 11-13). On April 27, 2009, Countrywide Bank merged into Bank of America, N.A.  See http://www2.fdic.gov/idasp/confirmation_outside.asp?inCert1=33143 (last visited June 11, 2014).

[3]  Magistrate Judge Brill also concluded that removal was proper because Plaintiff asserts federal claims and because complete diversity exists among the parties and the amount in controversy exceeds $75,000.  The Court finds no plain error in this conclusion.  See 28 U.S.C. §§ 1331, 1332(a), 1441.

because Plaintiff did not file an amended complaint and did not request an extension of time to do so.

## II.    DISCUSSION

    A.    <u>Legal Standards</u>

        1.    <u>Review of a Magistrate Judge's R&R</u>

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). The parties have not objected to the R&Rs and the Court thus conducts a plain error review of the record.  <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983), <u>cert. denied</u>, 464 U.S. 1050 (1984).

        2.    <u>Motion to Dismiss for Failure to State a Claim</u>

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences."  <u>Wooten v. Quicken Loans, Inc.</u>, 626 F.3d 1187, 1196 (11th Cir. 2010).  Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true."  <u>Aldana v. Del Monte</u>

Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water

Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (1996)).  Similarly, the Court is

not required to accept conclusory allegations and legal conclusions as true.  See

Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010)

(construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly,

550 U.S. 544 (2007)).

 "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570)).  Mere "labels and

conclusions" are insufficient.   Twombly, 550 U.S. at 555.  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than

the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting

Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims

across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550

U.S. at 570).

 Complaints filed *pro se* are to be liberally construed and are "held to less

stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus,

551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).

Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the

Federal Rules of Civil Procedure.  "Even though a *pro se* complaint should be

construed liberally, a *pro se* complaint still must state a claim upon which the

Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

"[A] district court does not have license to rewrite a deficient pleading."  Osahar v.

U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008).

  B.    Analysis[4]

     1.    Violation of the FDCPA

Plaintiff claims that BoA violated the FDCPA by failing to respond to his

request for verification of the debt owed on his mortgage.  Magistrate Judge Brill

found that relief cannot be granted on this claim because Plaintiff failed to show

---

[4] The Court notes that Plaintiff's Complaint is a variation of form complaints filed
by persons seeking to avoid or delay foreclosure.  See, e.g., Tonea v. Bank of Am.,
N.A., No. 1:13-cv-1435-WSD; Wardrop v. PHH Mortg. Corp., No. 1:13-cv-3822-
JEC; Davis v. JPMorgan Chase Bank, No. 1:13-cv-2982-AT; McIntyre v.
JPMorgan Chase Bank, No. 1:13-cv-2981-RLV; Henry v. Nationstar Mortg. LLC,
No. 1:13-cv-2339-MHS.  Plaintiff's Complaint is devoid of any meaningful facts
and his vague, conclusory allegations are wholly insufficient to support a claim for
relief.  Plaintiff's Complaint is an impermissible "shotgun pleading" that fails to
meet the requirements of Rule 8 of the Federal Rules of Civil Procedure, and
dismissal is warranted on this basis alone.  See, e.g., Osahar, 297 F. App'x at 864;
Maldonado v. Snead, 168 F. App'x 373, 377 (11th Cir. 2006); Magluta v. Samples,
256 F.3d 1282, 1284 (11th Cir. 2001); Johnson Enters. of Jacksonville, Inc. v. FPL
Group, Inc., 162 F.3d 1290, 1333 (11th Cir. 1998).

that BoA was a "debt collector" under the FDCPA, including because Plaintiff did not allege, and it did not appear, that his loan was in default when it was acquired by BoA.  Magistrate Judge Brill recommended that this claim be dismissed, pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.  See McWeay v. Citibank, N.A., 521 F. App'x 784 (11th Cir. 2013) (loan servicer was not a "debt collector" within meaning of FDCPA, thus precluding mortgagor's claim that defendant violated FDCPA by failing to respond to request for verification of debt); Reese v. Ellis, Painter, Ratteree & Adams, LLP, 678 F.3d 1211, 1216 (11th Cir. 2012) (To state a plausible FDCPA claim, plaintiff must allege, among other things, that the defendant is a "debt collector" under the FDCPA); Fenello v. Bank of Am., N.A., 926 F. Supp. 2d 1342, 1350 (N.D. Ga. 2013) (Under the FDCPA, "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.") (internal quotation omitted).

### 2.    State-law claims

Plaintiff claims that he was not loaned any money, so he does not owe a debt.  He therefore asserts that he has not defaulted on his mortgage and cannot be foreclosed upon.  Magistrate Judge Brill found that relief cannot be granted on this claim because a promissory note is a promise to make payments, not an actual

payment.  Magistrate Judge Brill recommended that this claim be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.  See Thomas v. Countrywide Home Loans, No. 2:09-cv-82, 2010 WL 1328644, at *2 (N.D. Ga. Mar. 29, 2010) (collecting cases rejecting "vapor credit" theories); Yeboah v. Bank of New York Mellon, No. 1:12-cv-2139, 2012 WL 4759246, at *5 (N.D. Ga. Aug. 30, 2012) ("Plaintiff's argument is commonly known as the 'vapor money' theory or a 'no money lent' claim.  Such claims 'fail as a matter of law.'") (King, M.J.) adopted at 2012 WL 4759242 (N.D. Ga. Oct. 5, 2012) (Thrash, J.).

Plaintiff also argues that his mortgage was improperly securitized, that an unspecified assignment of his mortgage was a "sham," and that BoA cannot foreclose on his property because it has not produced the original promissory note.  Magistrate Judge Brill found that relief cannot be granted on these claims because they are not cognizable under Georgia law.  Magistrate Judge Brill recommended that these claims be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.  See, e.g., Searcy v. EMC Mortg. Corp., No. 1:10-cv-0965, 2010 Dist. LEXIS 119975, at *2 (N.D. Ga. Sept. 30, 2010) ("While it may well be that Plaintiff's mortgage was pooled with other loans into a securitized trust that then issued bonds to investors, that fact would not have any

effect on Plaintiff's rights and obligations with respect to the mortgage loan, and it certainly would not absolve Plaintiff from having to make loan payments or somehow shield Plaintiff's property from foreclosure."); Montgomery v. Bank of Am., 740 S.E.2d 434, 436 (Ga. Ct. App. 2013) (because assignment of security deed was contractual, plaintiff lacked standing to contest its validity because he was not a party to the assignment); You v. JP Morgan Chase Bank, 743 S.E. 2d 428, 433 (Ga. 2013) ("Under Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed.").

3.   Violation of RESPA

Plaintiff alleges that BoA violated RESPA by failing to respond to his Qualified Written Requests ("QWRs").  Magistrate Judge Brill found that relief cannot be granted on this claim because Plaintiff failed to allege that he suffered any actual damages as a result of BoA's failure to respond, and he does not allege that BoA has engaged in a pattern or practice of failing to respond to QWRs. Magistrate Judge Brill recommended that this claim be dismissed pursuant to Rule 12(b)(6), and the Court finds no plain error in this recommendation.  See Frazile v. EMC Mortg. Corp., 382 F. App'x 833, 836 (11th Cir. 2010) (allegation of damages

"is a necessary element of any claim under [RESPA]").

    4.   <u>Dismissal with prejudice</u>

       Magistrate Judge Brill concluded that amendment would be futile because BoA was not acting as a debt collector for purposes of the FDCPA, and because Plaintiff's state-law claims are based on legally meritless theories, and she recommended that these claims be dismissed with prejudice.  Magistrate Judge Brill also recommended that Plaintiff's RESPA claim be dismissed with prejudice because, having been given an opportunity to amend his complaint to assert facts to support his RESPA claim, Plaintiff failed to do so.  The Court finds no error in these recommendations.  Plaintiff has not, and cannot, assert a viable claim based on perceived defects in the origination, servicing or assignment of his mortgage, or in the foreclosure proceedings initiated by BoA, and Plaintiff's claims are required to be dismissed with prejudice.  <u>See</u> <u>Taylor v. McSwain</u>, 335 F. App'x 32, 33 (11th Cir. 2009) (per curiam) (courts should not dismiss a *pro se* plaintiff's complaint with prejudice "without first giving the plaintiff an opportunity to amend the complaint if a more carefully drafted complaint might state a claim."); <u>Burger King Corp. v. Weaver</u>, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."); <u>Mizzaro v. Home Depot, Inc.</u>, 544 F.3d 1230, 1255 (11th Cir. 2008)

("Because justice does not require district courts to waste their time on hopeless cases, leave may be denied if a proposed amendment fails to correct the deficiencies in the original complaint or otherwise fails to state a claim.").[5]

## II.    CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Non-Final Report and Recommendation [5] and Final Report and Recommendation [7] are **ADOPTED**.  Defendant's Motion to Dismiss [3] is **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 11th day of June, 2014.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[5]  To the extent Plaintiff claims that Defendant violated RESPA by failing to respond to his June 30, and July 1, 2013, QWRs, Plaintiff filed his Complaint on July 19, 2013—at most, 13 business days after he *mailed* a QWR—and thus his RESPA claim is premature.  See Compl. at 6; 12 U.S.C. § 2605(e)(2) (requiring a servicer to respond "[n]ot later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the *receipt* from any borrower of any [QWR]").  The Court notes further that Plaintiff's purported QWR attached to his Complaint does not "include[], or otherwise enable[] the servicer to identify, the name and account of the borrower" as required to be a valid QWR under 12 U.S.C. § 2605(e)(1)(B). Plaintiff has not, and cannot, state a claim for violation of RESPA, and this claim is required to be dismissed with prejudice for this additional reason.